SUSAN M. CHEHARDY, Judge.
12This is a nonsupport action brought by the State of Louisiana, Department of Children and Family Services (hereafter “the State”), against a father. The State appeals a ruling that deviated from the Child Support Guidelines.
The defendant, Joseph Fennidy, is the father of A.F., born on February 25, 1997.[1] On April 19, 1999, pursuant to a petition by the State on behalf of the child, the Jefferson Parish Juvenile Court entered a child support order against the defendant. Thereafter the matter came up periodically for review pursuant to La. R.S. 9:311.
On November 9, 2010 the matter came up for a three-year modification hearing as provided in La. R.S. 9:311(C)(2). The hearing officer made a recommendation that support be increased to $1,061.55 per month, which was adopted by the court.[2]
The defendant disagreed with the recommended amount of support because he also was paying support for a child who was not the subject of the action before the court. The other child lives in Orleans Parish. The defendant was paying $300 |sa month for the Orleans Parish child pursuant to a verbal agreement with the child’s mother, but there was no support order for that child.
The defendant requested a disagreement hearing, which took place on Decem *423 ber 6, 2010. The judge set support at $861 per month, but granted the defendant a credit of $150 per month (half the amount the defendant said he was paying in Orleans Parish).[3] That reduced the support payable in this case from $861 to $711 per month.[4]
The State and the recipient, Marisa Jones, objected on the ground that the defendant failed to produce evidence to verify the existence of the Orleans Parish child, such as the agreement with that child’s mother, or proof of payments. The State filed a motion for new trial on the ground that the defendant requested a deviation from the modified amount for a child who did not live with him and for whom he did not have a court order of support, he provided no evidence of the child’s relationship to him, and he provided no of any proof of payments being made. The court granted the motion for new trial.
Prior to the new trial hearing, the defendant obtained a support order for the Orleans Parish child in Civil District Court for the Parish of Orleans.
The new trial in this matter took place on February 14, 2011. The defendant presented a birth certificate identifying him as the father of K.A.F., who was born on April 28, 2010. He also produced an order of support for K.A.F. from the Orleans Parish district court.[5] The court upheld the December 6, 2010 ruling.
|4The State and the recipient objected and the State filed another motion for new trial, which again was granted.
The second new trial was held on March 14, 2011. The judge maintained the support award of $861 per month as well as the second-family credit. He reduced the amount of the credit from $150 to $75, setting support at $786 per month.
The State requested that the court give reasons for deviation from the guidelines. In response, the court stated:
The reasons are that we have a child that he’s doing visitation ... seeing the child, giving money to and everything, and I think he ought to get credit for that. And that credit ought to be $75.00. And any other reductions ought to be ... that’s for Orleans Parish to do.... And I think it’s in the best interest of the child....
The State now appeals, with two assignments of error:
1. The Court committed manifest error in granting the deviation under La. R.S. 9:315.1(0(3) because the Defendant did not meet his burden of proof when he failed to argue or present any evidence that the multiple support orders would reduce his income below the lowest income level on the schedule contained in La. R.S. 9:315.19.
2. The Court abused its discretion in granting the deviation under La. R.S. 9:315.1(0(8) because it failed to *424 give specific reasons supported by evidence in the record explaining why the guideline amount would not be in the best interest of the child or inequitable to the parties.
There is a rebuttable presumption that the amount of support obtained by use of the child support guidelines is the proper amount of child support. La. R.S. 9:315.1(A). Relevant considerations applicable here include the following, in pertinent part:
B. (1) The court may deviate from the guidelines set forth in this Part if their application would not be in the best interest of the child or would be inequitable to |5the parties. The court shall give specific oral or written reasons for the deviation, including a finding as to the amount of support that would have been required under a mechanical application of the guidelines and the particular facts and circumstances that warranted a deviation from the guidelines. The reasons shall be made part of the record of the proceedings.
⅜ * *
C. In determining whether to deviate from the guidelines, the court’s considerations may include:
[[Image here]]
(3) That in a case involving one or more families, consisting of children none of whom live in the household of the noncustodial or nondomiciliary parent but who have existing child support orders (multiple families), the court may use its discretion in setting the amount of the basic child support obligation, provided it is not below the minimum fixed by R.S. 9:315.14, if the existing child support orders reduce the noncustodial or nondomiciliary parent’s income below the lowest income level on the schedule contained in R.S. 9:315.19.
[[Image here]]
(8) Any other consideration which would make application of the guidelines not in the best interest of the child or children or inequitable to the parties.
In addition, deviations by the trial court from the guidelines set forth in this Part shall not be disturbed absent a finding of manifest error. La. R.S. 9:315.1.
The State argues it is unclear whether the court granted the deviation under La. R.S. 9:315.1(C)(3) or (C)(8), but regardless the deviation was unjustified. If under paragraph (C)(3), the State asserts, the court committed manifest error because the defendant did not meet his burden of proof to justify deviation under La. R.S. 9:315.1(0(3). Specifically, he failed to present any evidence that the multiple support orders would reduce his income below the lowest income level on the schedule contained in La. R.S. 9:315.19.
The State contends further that the trial court committed manifest error and abused its discretion if it was granting the deviation under the multiple families provision, La. R.S. 9:315.1 (C)(8), because it failed to give specific reasons ^supported by evidence in the record explaining why the guideline amount would not be in the best interest of the child or inequitable to the parties.
We agree with the State. For a deviation from the guidelines under the multiple support orders provision of La. R.S. 9:315.1(0(3), there must be proof that “the existing child support orders reduce the noncustodial or nondomiciliary parent’s income below the lowest income level on the schedule contained in R.S. 9:315.19.” Here, the defendant presented no such proof. Accordingly, the deviation was not justified under paragraph (C)(3).
*425 On the other hand, if the court was relying on La. R.S. 9:315.1(0(8), “[a]ny other consideration which would make application of the guidelines not in the best interest of the child or children or inequitable to the parties,” the court failed to give adequate “specific oral or written reasons for the deviation.” Pursuant to La. R.S. 9:315.1(B)(1), the specific reasons must include “the particular facts and circumstances that warranted a deviation from the guidelines.” The reasons assigned by the trial judge here were not specific, nor were the “facts” recited therein proven by the defendant — that is, the defendant proved only that he was subject to a child support order for the Orleans Parish child, but he did not prove he was either visiting the child, or actually paying money for the child. The court failed to enumerate the reasons for the deviation with adequate specificity, failed to include particular facts and circumstances supported by evidence, and failed to state whether application of the guidelines would be either inequitable to the parties or not in the best interest of the child.
The trial court’s discretion in setting the amount of child support is structured and limited. State ex rel. D.F. v. L.T., 05-1965 (La.7/6/06), 934 So.2d 687, 690. This obligation must be administered and fairly apportioned between parents in their mutual financial responsibility for their children; toward that end, |7guidelines balance the needs of children with the means available to parents. Id. The standard of review in a child support case is manifest error. Generally, an appellate court will not disturb a child support order unless there is an abuse of discretion or manifest error. Id.
Accordingly, we find the trial court was manifestly erroneous and abused its discretion in deviating from the child support guidelines to modify support in this case.
For the foregoing reasons, the judgment is reversed and the prior child support amount of $861 per month is reinstated.

JUDGMENT REVERSED; PRIOR CHILD SUPPORT AMOUNT REINSTATED

. Employing our judicial discretion, we refer to the children by their initials to protect their privacy, although that confidentiality is not mandated in this proceeding. Compare Uniform Rules, Louisiana Courts of Appeal, Rule 5-2.

. The State’s brief points out that different judges have ruled in this case, and the ruling on which the State seeks review was made by a pro tempore judge who sat in this section of court on several occasions. The identity of the judge who made the ruling is not in itself a basis to challenge the ruling. Accordingly, in this opinion we do not differentiate between the judges, because each when sitting on the bench acted as "the court.”

.According to the State’s brief, the Jefferson Parish Juvenile Court typically refers to a deviation under La. R.S. 9:315.1(C)(2) as a "second family credit.” The State asserts the court apparently was using it to describe a deviation under La. R.S. 9:315.1(C)(3). The State argues that the only time it should be considered a "credit” is if there is a preexisting support obligation that is used to offset gross income under La. R.S. 9:315.

. With each award the court awards five percent for court costs, which is added to the amount of support awarded and payable on a monthly basis.

. The support order was contained in a consent judgment that declared J.F. to be the father of K.M. (whose name subsequently was changed in the new birth certificate to K.A.F.), and ordered the defendant to pay child support of $803 per month.